ROBERT LEACH et al., Appellees, v. BURTON & COMPANY STATE BANK OF KELLOGG et al., Appellants.

APRIL 3, 1928.

974

*Campbell & Campbell, F. H. Clements*, and *Carroll Brothers*, for Lina Becker, appellant.

*Korf & Korf*, for appellee.

ALBERT, J.—On January 14, 1925, the superintendent of banking of the state of Iowa took over the Burton & Company State Bank, of Kellogg, Iowa, and thereafter it was placed in the hands of a receiver. One C. T. Mendenhall, a depositor in said bank, was indebted to Lina Becker, claimant herein, in the sum of $2,000. He forwarded to her a check on the Burton & Company State Bank in the sum of $2,000, which she deposited with the Union-Davenport Trust & Savings Bank for collection on January 8, 1925. The Davenport bank transmitted it by mail to the Burton & Company State Bank, with instructions to collect and remit. It reached the Burton bank on January 9, 1925, and on January 12th was charged on the books of that bank against Mendenhall's account, and a draft was issued by the Burton bank, drawn on the Iowa National Bank of Des Moines, for the amount of the check, and forwarded to the Union-Davenport Trust & Savings Bank. This draft was promptly presented to the Iowa National Bank, which refused payment on the ground that the defendant bank had been closed.

It is stipulated that, when this check was sent by the Davenport bank to the Burton bank, it was sent for the purpose of collection and transmission to the Davenport bank for the use of claimant. The Burton bank was insolvent on the 13th day of January, 1925, and did not thereafter transact any banking business. Neither the claimant nor the Davenport bank was a depositor in the Burton bank, and had no knowledge of the insolvency of the bank until after it was closed. The Iowa National Bank at all times had property, collateral, and security in the funds of defendant bank in value in excess of the amount of said draft. Claimant asks that her claim be allowed and established against the funds and property in the hands of the receiver herein as a preferred claim. This was refused by the district court, and the claim allowed as a general claim.

Little need be said about this claim. This identical situation was before this court in the case of *Leach v. Citizens' State Bank of Arthur*, 203 Iowa 782. In that case the Federal Reserve Bank of Chicago stood in the position that Mrs. Becker

does in this case, and the checks it held on depositors of the Citizens State Bank of Arthur were forwarded directly to that bank, with instructions identical with the instructions in the instant case. On receipt of the same, the Arthur bank charged to the accounts of the drawers of the checks the amount thereof, as was done in the case at bar by the Burton bank. The Citizens State Bank of Arthur forwarded a draft for the amount thus charged to the account of its customer, as did the Burton bank in the case at bar. In that case, as in this, the bank closed before the draft was presented to the depository bank on which it was drawn. We there held, under the set of facts recited, that no relation of principal and agent was created, and therefore no trust was created. The decision in *Leach v. Citizens' State Bank of Arthur* is controlling in the case at bar, and nothing further need be said.—*Affirmed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.